# UNITED STATES DISTRICT COURT

for the

## Western District of New York

| | |
|---|---|
| ALBERTO ALFARO | Case No. **22-cv- 6374 EAW** |
| Plaintiff(s) | *(to be filled in by the Clerk's Office)* |
| *(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)* | |
| -v- | |
| TODD K. BAXTER    JOHN DOE #2 | **JURY TRIAL:** Yes ✓ No ___ |
| MAURICE LEONE    JOHN DOE #3 | |
| JOHN DOE #1    JOHN DOE #4 | |
| Defendant(s) | |
| *(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names. Do not include addresses here.)* | |

UNITED STATES DISTRICT
FILED
SEP 0 1 2022
MARY C. LOEWENGUTH, CLERK
WESTERN DISTRICT OF NY

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
### (Prisoner Complaint)

---

### NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.

---

**I.    The Parties to This Complaint**

**A.    The Plaintiff(s)**

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

Name: ALBERTO ALFARO

All other names by which you have been known:

ID Number: 238 879

Current Institution: Monroe County Jail

Address: 130 S. Plymouth Ave

Rochester _____ N.Y. _____ 14614
*City*          *State*      *Zip Code*

**B.    The Defendant(s)**

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. Make sure that the defendant(s) listed below are identical to those contained in the above caption. For an individual defendant, include the person's job or title *(if known)* and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both. Attach additional pages if needed.

Defendant No. 1

Name: Todd K. Baxter

Job or Title *(if known)*: Sheriff

Shield Number:

Employer: County of Monroe

Address:

Rochester _____ NY _____ 14614
*City*          *State*      *Zip Code*

[x] Individual capacity    [x] Official capacity

Defendant No. 2

Name: Maurice Leone

Job or Title *(if known)*: Superintendent

Shield Number:

Employer: Monroe County Sheriffs Department

Address: 130 S. Plymouth Ave

Rochester _____ NY _____ 14614
*City*          *State*      *Zip Code*

[x] Individual capacity    [x] Official capacity

Defendant No. 3
    Name                 John Doe #1
    Job or Title *(if known)*   Sergeant
    Shield Number
    Employer         Monroe County Sheriffs Department
    Address          130 South Plymouth Avenue
                      Rochester       NY       14614
                      *City*         *State*      *Zip Code*
                    [✓] Individual capacity    [✓] Official capacity

Defendant No. 4
    Name                 John Doe #2
    Job or Title *(if known)*   Deputy
    Shield Number
    Employer         Monroe County Sheriffs Department
    Address          130 South Plymouth Avenue

See attached           Rochester       N.Y.       14614
                      *City*         *State*      *Zip Code*
                    [✓] Individual capacity    [✓] Official capacity

## II.     Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)*, you may sue federal officials for the violation of certain constitutional rights.

**A.**     Are you bringing suit against *(check all that apply)*:

     [ ] Federal officials (a *Bivens* claim)

     [✓] State or local officials (a § 1983 claim)

**B.**     Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

The right to be free from cruel and unusual punishment

**C.**     Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

D.   Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.

See   attached

## III.   Prisoner Status

Indicate whether you are a prisoner or other confined person as follows *(check all that apply)*:

☑   Pretrial detainee

☐   Civilly committed detainee

☐   Immigration detainee

☐   Convicted and sentenced state prisoner

☐   Convicted and sentenced federal prisoner

☐   Other *(explain)*

## IV.   Statement of Claim

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A.   If the events giving rise to your claim arose outside an institution, describe where and when they arose.



B.   If the events giving rise to your claim arose in an institution, describe where and when they arose.

Monroe  County  Jail,  3/8/2021

C.   What date and approximate time did the events giving rise to your claim(s) occur?

3|8|2021          9:15 PM

D.   What are the facts underlying your claim(s)? (For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)

See attached

## V.   Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

See attached

## VI.   Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged. Explain the basis for these claims.

See attached

VII.  **Exhaustion of Administrative Remedies Administrative Procedures**

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Administrative remedies are also known as grievance procedures. Your case may be dismissed if you have not exhausted your administrative remedies.

A.  Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

☑ Yes

☐ No

If yes, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

Monroe County Jail

B.  Does the jail, prison, or other correctional facility where your claim(s) arose have a grievance procedure?

☑ Yes

☐ No

☐ Do not know

C.  Does the grievance procedure at the jail, prison, or other correctional facility where your claim(s) arose cover some or all of your claims?

☐ Yes

☐ No

☑ Do not know

If yes, which claim(s)?

**D.**     Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose concerning the facts relating to this complaint?

☐ Yes

☑ No

If no, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

☐ Yes

☐ No

**E.**     If you did file a grievance:

1.    Where did you file the grievance?

_____

2.    What did you claim in your grievance?

_____

3.    What was the result, if any?

_____

4.    What steps, if any, did you take to appeal that decision? Is the grievance process completed? If not, explain why not. (Describe all efforts to appeal to the highest level of the grievance process.)

_____

F.    If you did not file a grievance:

    1.    If there are any reasons why you did not file a grievance, state them here:

Because I was in the hospital, the five day period that I had to file had elapsed

    2.    If you did not file a grievance but you did inform officials of your claim, state who you informed, when and how, and their response, if any:

G.    Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

*(Note: You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.)*

## VIII.   Previous Lawsuits

The "three strikes rule" bars a prisoner from bringing a civil action or an appeal in federal court without paying the filing fee if that prisoner has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

To the best of your knowledge, have you had a case dismissed based on this "three strikes rule"?

☐ Yes

☑ No

If yes, state which court dismissed your case, when this occurred, and attach a copy of the order if possible.

A.   Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

☐ Yes

☑ No

B.   If your answer to A is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1.   Parties to the previous lawsuit

Plaintiff(s) _____

Defendant(s) _____

2.   Court *(if federal court, name the district; if state court, name the county and State)*

_____

3.   Docket or index number

_____

4.   Name of Judge assigned to your case

_____

5.   Approximate date of filing lawsuit

_____

6.   Is the case still pending?

☐ Yes

☐ No

If no, give the approximate date of disposition. _____

7.   What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

_____

## IX.     Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.     For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:     8/26/2022

Signature of Plaintiff     _Alberto Alfaro_

Printed Name of Plaintiff     Alberto Alfaro

Prison Identification #     238879

Prison Address     130 S. Plymouth Ave

Rochester             N.Y.        14614

       *City*     *State*   *Zip Code*

### B.     For Attorneys

Date of signing:     _____

Signature of Attorney     _____

Printed Name of Attorney     _____

Bar Number     _____

Name of Law Firm     _____

Address     _____

       *City*     *State*   *Zip Code*

Telephone Number     _____

E-mail Address     _____

Print        Save As...        Add Attachment        Reset

<u>Defendant No. 5</u>

Name                                   John Doe #3

Job or Title                           Deputy

Shield Number

Employer                          Monroe County Sheriffs Department

Address                           130 South Plymouth

                                  Rochester NY 14614

<u>Defendant No. 6</u>

Name                                   John Doe #4

Job or Title                           Deputy

Shield Number

Employer                         Monroe County Sheriffs Department

Address                          130 South Plymouth Ave

                                 Rochester NY 14614

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ALBERTO ALFARO

                    Plaintiff,

              v.

TODD K. BAXTER, Sheriff

MAURICE LEONE, Superintendent

JOHN DOE #1, Sergeant

JOHN DOE #2, Deputy

JOHN DOE #3, Deputy

JOHN DOE #4, Deputy

                    Defendants.

1.

# I. JURISDICTION AND VENUE

1. This is a civil action authorized by 42 U.S.C. Section 1983 to redress the deprivation, under color of state law, of rights secured by the Constitution of the United States. The court has jurisdiction under U.S.C. Section 1331 and 1343 (a)(3). Plaintiff seeks declaratory relief pursuant to 28 U.S.C. Section 2201 and 2202. Plaintiff's claims for injunctive relief are authorized by 28 U.S.C. Section 2283 & 2284 and Rule 65 of the Federal Rules of Civil Procedure.

2.

## II.    PLAINTIFF(S)

3.  Plaintiff Alberto Alfaro, is and was at all relevant times mentioned herein in custody of the Monroe County Sheriff. He is currently confined in the Monroe County Jail, located at 130 South Plymouth Avenue, Rochester N.Y. 14614.

## III.    DEFENDANTS

4.  Defendant Todd K. Baxter is the Sheriff of the County of Monroe. He is legally responsible for the overall operation of the Monroe County Sheriff's Office and each institution under its jurisdiction, including the Monroe County Jail

3.

5. Defendant Maurice Leone is the Superintendent of the Monroe County Jail. He is legally responsible for the operation of the Monroe County Jail and for the welfare of all the inmates in that facility.

6. Defendant John Doe #1 is Monroe County Sheriffs Deputy who, at all relevant times mentioned herein upon information and belief held the rank of Sergeant and as such has supervisory responsibilities that include but are not limited to oversight of subordinate officers and civilian employees.

4.

7. Defendant John Doe #2 is a Sheriffs Depsty in the County of Monroe who at all relevant times mentioned herein held the rank of depsty and was assigned to the Monroe County Jail.

8. Defendant John Doe #3 is a Sheriffs Depsty in the County of Monroe who at all relevant times mentioned herein held the rank of depsty and was assigned to the Monroe County Jail.

5.

9. Defendant John Doe #4 is a Sheriffs Deputy in the County of Monroe who at all relevant times mentioned herein held the rank of deputy and was assigned to the Monroe County Jail.

10. Each defendant is being sued in both their official and individual capacities.

IV  FACTS

11. On or about 3/8/2021, at approximately 8:50 p.m. another inmate and myself began to argue.

6.

12. Shortly thereafter at 9:15 p.m. everyone in my unit reported to their cells and locked in for the night as scheduled.

13. Several minutes later my cell door was opened and I got called to the deputy's station where I was met by John Does #1 and 2.

14. I was informed by John Doe #1 that because the inmate I was arguing with earlier said that he slapped me I was going to see medical.

7.

15. I was escorted to a section of the jail known as rec annex despite not having any redness, swelling, or bruising. Nor did anyone claim to see me get slapped. The facility also has several cameras in the common area.

16. Rec annex is the older part of the jail that had been closed for a while and then re-opened to house inmates on medical or mental health observation.

8.

17. The conditions in rec annex are inhumane. Often you will find feces, blood, urine, and other bodily fluids in or around the cells and on the windows. It is also well known that deputies will take inmates to rec annex as punishment for fighting one another or disrespect to staff. Deputies beat inmates and leave them down there for days without access to medical treatment, access to their property or the phone before moving them to a different unit.

9.

18. I had begun to inquire as to the reason for me being in rec annex at this point because it is the jail's policy that, in sum and substance, once inmates are locked in for the night they cannot be moved from their cell without a supervisor present and in emergency situations only.

19. Once I started to ask John Doe #1 for the reason I was in rec annex he stated that it was because I had threatened him.

10.

20. I explained to John Doe #1 that I in fact never threatened him, that I merely stated "If that inmate would have really slapped me I would have punched him in the balls".

21. At that moment John Doe #3 asked John Doe #4 "Hey did you hear that he just threatened to punch the Sergeant in the balls"?

22. John Doe #3 and John Doe #4 then lifted me out of my wheelchair and placed me in one of the cells with a mattress without sheets or blankets.

23. John Does #1, #3, and #4 began tugging at my jail uniform until it was off and I was left with nothing but boxers and a T-shirt on.

24. The deputies then confiscated my wheelchair and left me sitting on a concrete slab.

12.

25. I kept asking for my wheelchair
to no avail. I urinated on myself
because I am paraplegic so I could
not get to the toilet.

26. The following shift, a hispanic officer
was now working. When I asked him
for my wheelchair I was told the
the Sergeant told him to just deal
with me but I was not to get
the wheelchair.

27.  When I attempted to lie down
I fell off of the slab and hit
the left side of my head so hard
that I briefly lost conciousness.
When I woke up I was at Strong
Memorial Hospital.

28.  I was informed by medical staff
that I now had 2 pinched nerves
in my neck, 2 pinched nerves in
my lower back and a broken nerve.

14.

29. I was advised by hospital staff that I was going to have an emergency surgery performed.

30. I remained in the hospital from 3/9/2021 - 3/17/2021.

Ⅴ    LEGAL CLAIMS

31. Defendant John Doe #3 used excessive force against plaintiff by snatching him out of his wheelchair all the while inflicting cruel and unusual punishment by placing him in a cell without his wheelchair, sheets or blankets in a cold cell.

15.

32. Defendant John Doe # 4 used excessive force against plaintiff by snatching him out of his wheelchair all the while inflicting cruel and unusual punishment by placing him in a cell without his wheelchair, sheets, or blankets in a cold cell.

33. By witnessing John Doe's illegal action failing to correct that misconduct and encouraging the continuation of the misconduct, defendant John Doe #1 along with John Doe #3 and #4 violated plaintiff's rights under the

16.

Eighth Amendment to the United States
Constitution causing plaintiff pain, suffering,
physical injury, and emotional distress,

34. Defendant Maurice Leone has been placed
on notice about the behavior of
his subordinates and has failed to
discipline them.

35. Plaintiff has no plain, adequate, or complete
remedy at law to redress the wrongs
described herein. Plaintiff has been
and will continue to be irreparably
injured by the conduct of the defendants

17.

unless the Court grants the compensatory,
declaratory and injunctive relief which
plaintiff seeks.

## VI.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully pray
that this Court enter judgment:

36. Granting plaintiff a declaration that the
acts and omissions described herein
violated his rights under the Constitution
and law of the United States, and

18.

37. A preliminary and permanent injunction ordering defendant Maurice Leone to close rec annex.

38. Granting plaintiff compensatory damages in the amount of $2,000,000 against each defendant, jointly and severally.

39. Plaintiff seeks nominal and punitive damages in the amount of $500,000 against each defendant, jointly and severally.

40. Plaintiff also seeks a jury trial on all issues triable by jury.

19.

41. Plaintiff also seeks recovery of his costs
in this suit, and

Any additional relief this Court deems just,
proper, and equitable.

Dated: August 25, 2022

Respectfully,
x _Alberto Alfaro_
Alberto Alfaro
130 S. Plymouth Ave
Rochester NY 14614
Monroe County Jail

20.

## VERIFICATION

I, Alberto Alfaro, deposes and says that I have read the foregoing complaint and hereby verify that the matters alleged therein are true, except as to matters alleged on information and belief, and, as to those, I believe them to be true. I certify under penalty of perjury that the foregoing is true and correct.



x _Alberto Alfaro_
Alberto Alfaro