UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ALBERTO ALFARO,

                       Plaintiff,

      v.

DAVID GERTIN, et al.,

                    Defendants.

_____

<u>DECISION & ORDER</u>

22-CV-6374EAW

On September 1, 2022, *pro se* plaintiff Alberto Alfaro commenced this action

against the defendants pursuant to 42 U.S.C. § 1983 asserting claims arising out of his pretrial

detention at the Monroe County Jail.  (Docket ## 1, 5, 10).  Currently pending before this Court

is the fourth motion filed by Alfaro for appointment of counsel.  (Docket # 34; *see also* Docket

## 18, 25, 29).

It is well-settled that there is no constitutional right to appointed counsel in civil

cases.  Although the court may appoint counsel to assist indigent litigants[1] pursuant to 28 U.S.C.

§ 1915(e), *see, e.g.*, *Sears, Roebuck and Co. v. Charles W. Sears Real Estate, Inc.*, 865 F.2d 22,

23 (2d Cir. 1988), such assignment of counsel is clearly within the judge's discretion*.  In re*

*Martin-Trigona*, 737 F.2d 1254, 1260 (2d Cir. 1984).  The factors to be considered in deciding

whether or not to assign counsel include the following:

    1.      Whether the indigent's claims seem likely to be of
             substance;

---

[1] When the Court issued its most recent decision denying appointment of counsel, it observed that plaintiff had not moved to proceed *in forma pauperis*.  (Docket # 30 at 1).  Since then he has filed such an application, which is pending.  (Docket # 33).  For purposes of this motion, this Court assumes that Alfaro is indigent.

2.      Whether the indigent is able to investigate the crucial facts concerning his claim;

3.      Whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder;

4.      Whether the legal issues involved are complex; and

5.      Whether there are any special reasons why appointment of counsel would be more likely to lead to a just determination.

*Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997); see also *Hodge v. Police Officers*, 802 F.2d 58 (2d Cir. 1986).

The Court must consider carefully the issue of appointment of counsel because "every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause." *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172 (2d Cir. 1989). Therefore, the Court must first look to the "likelihood of merit" of the underlying dispute, *Hendricks v. Coughlin*, 114 F.3d at 392; *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d at 174, and "even though a claim may not be characterized as frivolous, counsel should not be appointed in a case where the merits of the . . . claim are thin and his chances of prevailing are therefore poor." *Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001) (denying counsel on appeal where petitioner's appeal was not frivolous but nevertheless appeared to have little merit).

The Court has reviewed the facts presented herein in light of the factors required by law and again finds, pursuant to the standards promulgated by *Hendricks*, 114 F.3d at 392, and *Hodge v. Police Officers*, 802 F.2d at 58, that appointment of counsel is not warranted at this time. As stated above, a plaintiff seeking appointment of counsel must demonstrate a likelihood of success on the merits. *See id.* Alfaro has not done so at this stage; indeed, there have been no

2

material developments in the litigation since the Court made the same finding less than three months ago.  Consideration of the nature of the factual and legal issues involved in this case, as well as Alfaro's ability to present his claims, also weighs against appointment of counsel.

As he argued in his prior motions for appointment of counsel, Alfaro contends that he needs counsel because he allegedly has difficulty with the English language and because he is unfamiliar with the law and court procedures.  (Docket ## 25, 34).  Of course, lack of litigation experience and knowledge of the law is insufficient, standing alone, to justify appointment of counsel.  *See Boomer v. Deperio*, 2005 WL 15451, *1-2 (W.D.N.Y. 2005) (denying appointment of counsel where *pro se* plaintiff had "limited knowledge of the law").  As this Court noted in its previous decision, nothing in the record suggests that plaintiff is unable to communicate effectively in English.  (Docket # 30 at 3).  First, plaintiff has filed a complaint and several motions to appoint counsel in this litigation.  (*Id.*).  These filings, written in English, are clear and coherent.  (*Id.*).  Indeed, plaintiff participated in a Rule 16 conference.  (*Id.*).  In addition, plaintiff did not use an interpreter to translate court proceedings in his federal criminal proceeding.  (*Id.*).

The mere fact that a plaintiff "does not speak English as a first language is not commensurate with an inability to understand English," *Urrutia v. Green*, 2007 WL 1114103, *1 (W.D.N.Y. 2007), and courts routinely deny requests for counsel where the litigant, like plaintiff in this case, has demonstrated an ability to prosecute his claim even though English is not his first language.  *See Velez v. Burge*, 2009 WL 3459744, *2 (W.D.N.Y. 2009) (denying counsel where plaintiff failed to demonstrate that he was incapable of litigating the claim); *Sanchez v. Dorsey*, 2008 WL 2191769, *1 (S.D.N.Y. 2008) (same); *Urrutia v. Green*, 2007 WL 1114103 at *1 (same).

3

In addition, as before, Alfaro has submitted a letter from his treating licensed mental health counselor identifying his mental health diagnoses and indicating that Alfaro "is actively participating [in treatment] and progressing satisfactorily towards his goals." (Docket # 34 at 2; *see also* Docket # 25 at 4). Although he has resubmitted the same letter as he previously submitted, he still has not demonstrated that his diagnosed impairments limit his ability to litigate this case. Appointment of counsel is thus not warranted on this basis, especially where Alfaro has shown an ability to pursue his claims in this case. *See*, *e.g.*, *Perez v. Cnty. of Monroe*, 2012 WL 4052470, *2 (W.D.N.Y. 2012) (denying appointment of counsel where *pro se* plaintiff was "capable of prosecuting his case" and "equipped to understand the litigation process" despite "mental health disabilities"); *Lewis v. Turco*, 2010 WL 2287509, *1 (W.D.N.Y. 2010) (appointment of counsel denied where *pro se* plaintiff had not demonstrated that mental health issues would hinder his ability to litigate his claims); *Byng v. Campbell*, 2008 WL 4662349, *6 (N.D.N.Y. 2008) (denying appointment of counsel where *pro se* plaintiff was "able effectively to litigate" his claims notwithstanding various "medical and mental health issues"). Finally, Alfaro's case does not present any special reasons justifying the assignment of counsel.

On this record, Alfaro's motion for appointment of counsel **(Docket # 34)** is **DENIED without prejudice** at this time. It is plaintiff's responsibility to retain an attorney or press forward with this lawsuit *pro se*. 28 U.S.C. § 1654.

**IT IS SO ORDERED**.

*s/Marian W. Payson*
MARIAN W. PAYSON
United States Magistrate Judge

Dated: Rochester, New York
July 18, 2024

4