UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

ALBERTO ALFARO,

                                        Plaintiff,                    DECISION & ORDER

                v.                                                    22-CV-6374EAW

DAVID GERTIN, et al.,

                                        Defendants.

_____


On September 1, 2022, *pro se* plaintiff Alberto Alfaro ("plaintiff") commenced this action against the defendants pursuant to 42 U.S.C. § 1983 alleging claims arising out of his pretrial detention at the Monroe County Jail. (Docket ## 1, 5, 10). Currently pending before this Court are Alfaro's motions to proceed *in forma pauperis* and for appointment of counsel. (Docket ## 33, 37, 38).


I.      **Motions to Proceed *In Forma Pauperis* (Docket ## 33, 37)**

Alfaro has submitted two supporting affirmations executed under penalty of perjury in support of his requests to proceed *in forma pauperis*. (Docket ## 33, 37). In the first affirmation, Alfaro represented that he was just released from prison, was not currently employed, and had no income, cash, or any funds held in checking or savings accounts. (Docket # 33). He also affirmed that he had received no money, including money from friends, relatives, or any other source, during the preceding twelve months. (*Id.*). In his subsequent affirmation, Alfaro represents that he receives monthly social security disability payments in the amount of $943 and that his monthly expenses for food, rent and utilities are approximately $1,041.

(Docket # 37).  Alfaro continues to represent that he has no income, cash, or any funds held in checking or savings accounts and that he has received no money, including money from friends, relatives, or any other source, during the preceding twelve months.  (*Id.*).

Although Alfaro paid the filing fee in this matter, the Court finds that he has demonstrated his indigency.  *Fabrizio v. Annucci*, 2020 WL 13801078, *1 (N.D.N.Y. 2020) ("'[a]lthough [the] plaintiff has paid the filing fee required for this action, *in forma pauperis* status affords [the] plaintiff other benefits apart from deferring full payment of the filing fee[,]' such as service of process by the U.S. Marshals") (internal quotation marks omitted).  Accordingly, Alfaro's motions to proceed *in forma pauperis* (**Docket ## 33, 37)** are **GRANTED**.

## II.    <u>Motion for Appointment of Counsel</u>

This is Alfaro's fifth motion seeking appointment of counsel.  (Docket # 38; *see also* Docket ## 18, 25, 29, 34).  It is well-settled that there is no constitutional right to appointed counsel in civil cases.  Although the Court may appoint counsel to assist indigent litigants pursuant to 28 U.S.C. § 1915(e), *see, e.g.*, *Sears, Roebuck and Co. v. Charles W. Sears Real Estate, Inc.*, 865 F.2d 22, 23 (2d Cir. 1988), such assignment of counsel is clearly within the judge's discretion.  *In re Martin-Trigona*, 737 F.2d 1254, 1260 (2d Cir. 1984).  The factors to be considered in deciding whether or not to assign counsel include the following:

1.    Whether the indigent's claims seem likely to be of substance;

2.    Whether the indigent is able to investigate the crucial facts concerning his claim;

3.      Whether conflicting evidence implicating the need for
cross-examination will be the major proof presented to the
fact finder;

4.      Whether the legal issues involved are complex; and

5.      Whether there are any special reasons why appointment of
counsel would be more likely to lead to a just
determination.

*Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997); see also *Hodge v. Police Officers*, 802

F.2d 58 (2d Cir. 1986).

The Court must consider carefully the issue of appointment of counsel because

"every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer

lawyer available for a deserving cause."  *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172 (2d

Cir. 1989).  Therefore, the Court must first look to the "likelihood of merit" of the underlying

dispute, *Hendricks v. Coughlin*, 114 F.3d at 392; *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d at

174, and "even though a claim may not be characterized as frivolous, counsel should not be

appointed in a case where the merits of the . . . claim are thin and his chances of prevailing are

therefore poor."  *Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001)

(denying counsel on appeal where petitioner's appeal was not frivolous but nevertheless

appeared to have little merit).

The Court has reviewed the facts presented herein in light of the factors required

by law and again finds, pursuant to the standards promulgated by *Hendricks*, 114 F.3d at 392,

and *Hodge v. Police Officers*, 802 F.2d at 58, that appointment of counsel is not warranted at this

time.  As stated above, a plaintiff seeking appointment of counsel must demonstrate a likelihood

of success on the merits.  *See id*.  Alfaro has not done so at this stage; indeed, there have been no

material developments in the litigation since the Court made the same finding approximately two

months ago.  Consideration of the nature of the factual and legal issues involved in this case, as well as Alfaro's ability to present his claims, also weighs against appointment of counsel.

As he argued in his prior motions for appointment of counsel, Alfaro contends that he needs counsel because he suffers from mental health impairments.[1]  (Docket # 38).  In support of his contention, Alfaro has submitted the letter he previously submitted from his treating licensed mental health counselor identifying his mental health diagnoses and indicating that Alfaro "is actively participating [in treatment] and progressing satisfactorily towards his goals."  (*Id.* at 2; *see also* Docket ## 25 at 4; 34 at 2).  Although he has resubmitted the same letter as he previously submitted, he still has not demonstrated that his diagnosed impairments limit his ability to litigate this case.  Appointment of counsel is thus not warranted on this basis, especially where Alfaro has shown an ability to pursue his claims in this case.  *See, e.g.*, *Perez v. Cnty. of Monroe*, 2012 WL 4052470, *2 (W.D.N.Y. 2012) (denying appointment of counsel where *pro se* plaintiff was "capable of prosecuting his case" and "equipped to understand the litigation process" despite "mental health disabilities"); *Lewis v. Turco*, 2010 WL 2287509, *1 (W.D.N.Y. 2010) (appointment of counsel denied where *pro se* plaintiff had not demonstrated that mental health issues would hinder his ability to litigate his claims); *Byng v. Campbell*, 2008 WL 4662349, *6 (N.D.N.Y. 2008) (denying appointment of counsel where *pro se* plaintiff was "able effectively to litigate" his claims notwithstanding various "medical and mental health issues").  Finally, Alfaro's case does not present any special reasons justifying the assignment of counsel.

---

[1]  Alfaro maintains that defendants' counsel has not provided him with copies of deposition transcripts or medical release forms.  (Docket # 38).  To the extent these issues remain outstanding, Alfaro should send a letter to defendants' counsel requesting those items.

On this record, Alfaro's request for the appointment of counsel **(Docket # 38)** is

**DENIED without prejudice** at this time.  It is Alfaro's responsibility to retain an attorney or

press forward with this lawsuit *pro se*.  28 U.S.C. § 1654.

**IT IS SO ORDERED**.


                                                            *s/Marian W. Payson*
                                                          MARIAN W. PAYSON
                                                    United States Magistrate Judge


Dated:  Rochester, New York
          September 26, 2024


5